[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: 10 November 1993
DATE OF APPLICATION: 5 December 1993
DATE APPLICATION FILED: 7 December 1993
DATE OF DECISION: 28 February 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Stamford/Norwalk at Norwalk, Docket #CR93-0060880 S.
James Ginnocchio, Esq., for the Petitioner
Robert S. Katz, Esq., for the State of Connecticut.
BY THE DIVISION
The petitioner was convicted after trial by jury of one count of Sale of Narcotics in violation of Conn. Gen Stat.21a-277 (a) and Sale of Narcotics within 1500 ft. of a School, in violation of Conn. Gen. Stat. 21a-278 (b). The trial court imposed a sentence of twenty years to serve on the Sale of Narcotics count and three years to serve on the sale within 1500 hundred feet of a school, the court ran the sentences consecutive to each other for a total effective sentence of twenty-three years to serve.
The record shows that the Norwalk police observed the petitioner selling cocaine within 1500 feet of a school in their town.
The petitioner's attorney argued that the 23 year sentence was unconscionable and asked that the division lower the sentence to the area of eight to nine years. Counsel felt that a sentence of three years to serve was the median in the state for similar offenses. He noted that his client was not a member of a gang, and that he didn't fit the profile of the average drug dealer. Before the panel counsel questioned whether the petitioner was a type of person who is really harming society.
The attorney for the state noted that it is hard for the panel to compare sentences with the information provided by the petitioner's council. He noted that each case has its separate facts and points that results in different sentences by the courts. He pointed to the fact that the petitioner has five prior drug convictions, and felt the sentence to be very appropriate.
In reviewing the lengthy remarks of the sentencing judge we find a through discussion of the petitioner's background and criminal history. The court came to the conclusion that the petitioner was not a person capable of responding to treatment nor rehabilitation.
In comparing the sentences imposed by the trial court in accordance with P.B. 942 we do not find them to be inappropriate nor disproportionate. However the running of the sentences consecutively concerns this panel, especially CT Page 3022 when the total period of incarceration in on the high side of the spectrum of sentencing for similar offenses.
It is the order of this panel that this matter be returned to the sentencing court and modified to run the sentences concurrently, for a total effective sentence of twenty years to serve.
Norko, J. Purtill, J. Klaczak, J.
Norko, J., Purtill, J. and Klaczak, J., participated in this decision.